**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**KROMTECH OF USA, LLC**                    **CIVIL ACTION**


**VERSUS**                                  **NO. 14–1550**


**DAVID A. COX, ET AL**                     **SECTION "H"(2)**


<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 8).  Additionally, the Court raises the issue of personal jurisdiction over Defendant, David Cox, *sua sponte*.  For the following reasons, the Motion is GRANTED and this matter DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.


**BACKGROUND**

Defendant David Cox is the managing member of Defendant Tech Talk America, LLC.  Defendants operate a website called "PC Classes Online" ("the

1

Website").  The Website offers classes on various computer-related topics to the general public free of charge.  On January 1, 2014, Defendants posted a video on the popular website Youtube.com.  This video, which was posted on the Website on January 2, 2014, purports to warn members of the public about the dangers of using a software program entitled "MacKeeper."  MacKeeper is a software program marketed by a German corporation, Kromtech Alliance Corporation.  Plaintiff is allegedly the U.S. subsidiary of Kromtech Alliance.  Plaintiff claims that it holds a license to use the intellectual property of Kromtech Alliance in the United States.  Plaintiff alleges that the video posted on the Website and Youtube is defamatory and that Defendants violated Louisiana's unfair competition laws in posting the video.  Plaintiff seeks damages and a preliminary injunction ordering Defendants to remove the video.  Tech Talk responded to the Complaint with the instant Motion, arguing that this Court lacks personal jurisdiction over it.

## LEGAL STANDARD

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[1]  When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[2]  "The allegations

---

[1] *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).

[2] *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).

of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[3]   "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[4]   The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[5]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state, and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[6]   In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[7]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties,

---

[3] *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1983)).

[4] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).

[5] *Id.* (citing *Colwell Realty Invs. v. Triple T. Inns of Ariz.*, 785 F.2d 1330 (5th Cir. 1986)).

[6] *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

[7] *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784,  786 (5th Cir. 1990); see also La. Rev. Stat. § 13:3201.

or relations.'"[8]  A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[9]

Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[10] Specific personal jurisdiction exists when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state and the controversy arises out of or is related to those activities.[11]  General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[12]

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."[13]  The fairness inquiry is determined by analyzing several factors:  (1) the burden upon the nonresident defendant of

---

[8] *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.2d 214, 220 (5th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[9] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).

[10] *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

[11] *Burger King Corp. v. Rudzewicz*, 471 U.S. 262, 472 (1985).

[12] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

[13] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987)).

litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[14]

## LAW AND ANALYSIS

Before proceeding to the question of personal jurisdiction, the Court notes that only one of the two defendants, Tech Talk, has moved to dismiss this matter.  The remaining defendant, Mr. Cox, has not yet been served. Nonetheless, the Court raises the issue of personal jurisdiction over David Cox *sua sponte*.[15] Ordinarily, when the Court raises the issue of personal jurisdiction *sua sponte* it should afford Plaintiff an opportunity to respond.[16] The Court finds that notice to Plaintiff is not necessary in this case because Plaintiff actually argued the issue of personal jurisdiction over Mr. Cox in his opposition. Therefore, Plaintiff has had an adequate opportunity to address the issue.

Because Plaintiff does not argue that the Court may exercise general personal jurisdiction over Defendants, the Court only analyzes the question of specific jurisdiction.[17]

---

[14] *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).

[15] *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001).

[16] *Id*. at 325.

[17] Given the Court's ultimate conclusion that Defendants' paltry contacts with Louisiana are insufficient to justify the exercise of specific personal jurisdiction, the Court has no difficulty concluding that Defendants do not have continuous and systematic contacts with Louisiana such that the exercise of general jurisdiction is warranted.

To establish specific personal jurisdiction, Plaintiff must prove that: "(1) there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts."[18]   If Plaintiff meets its burden, Defendants "can then defeat the exercise of specific jurisdiction by showing (4) that it would fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable."[19]

Plaintiff presents two separate, but related, arguments in favor of exercising personal jurisdiction over Defendants.  First, Plaintiff argues that jurisdiction is present pursuant to the Supreme Court's decision in *Calder v. Jones*.[20]  Second, Plaintiff argues that Defendants' failure to remove the video after being warned that Plaintiff was in Louisiana demonstrates that Defendants intended the video to harm Plaintiff in Louisiana.  As the Court explains below, neither argument has merit.

In *Calder*, the Supreme Court held that a California court could exercise personal jurisdiction over Florida residents who wrote and edited an allegedly defamatory article published in a magazine with national circulation.[21]  The Court held that a defendant who intentionally directs a defamatory statement

---

[18] *Pervasive Software*, 688 F.3d at 221.

[19] *Id*. at 221–22.

[20] 465 U.S. 783 (1984).

[21] *Id*. at 784–85.

at the forum state with the intent to cause harm in the forum may be validly sued in the forum.[22]

The Fifth Circuit applied the Court's reasoning in *Calder* in the context of defamatory statements allegedly made on the internet in *Revell v. Lidov*.[23] Lidov, a professor at Harvard University, wrote an article regarding the bombing of Pan Am Flight 103 in which he accused then Associate Deputy Director of the FBI Oliver Revell of participating in a government conspiracy to cover-up certain facts related to the bombing.[24] Lidov published the article on an internet bulletin board maintained by the Columbia School of Journalism.[25] The website permitted any member of the public to post and read items on the site, thus the article was available to anyone with an internet connection.[26] Revell, a resident of Texas, sued Columbia University (a New York resident) and Lidov (a Massachusetts resident) in Texas.[27] The district court dismissed the case for lack of personal jurisdiction, and Revell appealed, relying on *Calder*.[28]

On appeal, the Fifth Circuit held that there were several key differences between *Revell* and *Calder* that compelled a different result.[29]

First, the article written by Lidov about Revell contains

---

[22] *Id.* at 788–90

[23] 317 F.3d 467 (2002).

[24] *Id.* at 469.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 473.

7

no reference to Texas, nor does it refer to the Texas activities of Revell, and it was not directed at Texas readers as distinguished from readers in other states. Texas was not the focal point of the article or the harm suffered, unlike *Calder*, in which the article contained descriptions of the California activities of the plaintiff, drew upon California sources, and found its largest audience in California. This conclusion fits well with our decisions in other intentional tort cases where the plaintiff relied upon *Calder*. In those cases we stated that the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under *Calder*.[30]

The instant matter is remarkably similar to *Revell*. The video about Kromtech contains no references to Louisiana, and there is no evidence that it was particularly directed at Louisiana. Indeed, Defendants contend, and Plaintiff does not contest, that they were unaware that Plaintiff existed or that it was domiciled in Louisiana when they posted the video. Louisiana was not the focal point of the video or the harm suffered. Rather, Defendants intended to target a German corporation. The only connection that this controversy has to Louisiana is that Plaintiff resides and allegedly suffered harm here. The Fifth Circuit explicitly stated in *Revell* that such contacts are not sufficient to support the exercise of jurisdiction.[31]

Plaintiff argues that this case has a single difference from *Revell*: that it contacted Defendants after the video was posted and notified them that they

---

[30] *Id.* (internal citations and footnotes omitted).

[31] *Id.*

were causing harm in Louisiana.  Plaintiff seems to argue that, once Defendants knew about Kromtech USA and its presence in Louisiana, their decision not to remove the video demonstrated intent to aim the harm created by the video at Louisiana.

Plaintiff's argument asks this Court to hold that a passive act of a Defendant is sufficient to justify the exercise of personal jurisdiction.  Plaintiff has not, however, cited a single case in which a court held that a defendant's failure to act, standing alone, created a contact with the forum state.  Indeed, such a result would be inconsistent with the rule that a defendant's contacts must be purposefully directed at the forum state.[32]  Plaintiff has not offered the Court any evidence demonstrating that Defendants ever purposefully directed *any* action at Louisiana.  Accordingly, the Court holds that Plaintiff has not carried its burden to demonstrate that this Court has personal jurisdiction over Defendants.

---

[32] *See Pervasive Software*, 688 F.3d at 221.

9

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Tech Talk is GRANTED.  Additionally, after raising the issue *sua sponte,* the Court finds that it does not have personal jurisdiction over David Cox.  Accordingly, this matter is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

New Orleans, Louisiana, this 23rd day of December, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

10